UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-103 |
| | ) | (JORDAN/SHIRLEY) |
| VICTOR E. MOORE, | ) | |
| also known as "DANGO," | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

The parties appeared before the undersigned on September 27, 2005, for a hearing on the Motion for Substitution of Counsel [Doc. 12] filed on September 21, 2005, by Assistant Federal Defender Jonathan Moffatt, appointed attorney for Defendant Victor Moore. Mr. Moffatt was present along with CJA training panelist Robert Rogers for the defendant, and Assistant United States Attorney Michael Winck appeared on behalf of the government. The defendant was also present.

At the hearing, Mr. Moffatt argued that the Federal Defenders Services of East Tennessee (FDSET), for whom he works, had a conflict in representing Defendant Moore. He intimated that the Knoxville office of FDSET had represented a client whose representation would present a conflict as to Defendant Moore. He stated that Defendant Moore had been notified of the conflict and that when he had spoken with the defendant, the defendant did not object to Mr. Moffatt withdrawing from the case. The government stated it was aware of the

1

conflict, confirmed the existence of an actual conflict, and agreed with Attorney Moffatt's position. Mr. Moffatt stated that he believed it would be in Defendant Moore's best interest that a new attorney be appointed at this time. Defendant Moore stated, in court, that he agreed to the withdrawal of Attorney Moffatt and the appointment of a new attorney.

The Sixth Amendment right to counsel encompasses the right to have an attorney who does not have a conflict arising from simultaneous representation of clients with conflicting interests. See Glasser v. United States, 315 U.S. 60, 70 (1942). Although the Court "must recognize a presumption in favor of [the defendant's] counsel of choice, . . . that presumption may be overcome not only by a demonstration of actual conflict but by a showing of a serious potential for conflict." Wheat v. United States, 486 U.S. 153, 160 (1988). "'[W]hen a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.'" United States v. Straughter, 950 F.2d 1223, 1233 (6th Cir. 1991) (quoting United States v. Krebs, 788 F.2d 1166, 1172 (6th Cir. 1986)). Indeed, a court may conclude disqualification is necessary even if the defendant offers to waive the conflict because of its independent interest in assuring the ethical standards of the profession and the appearance of fairness to those observing legal proceedings. Wheat, 486 U.S. at 160.

In light of the fact that all counsel and the defendant agreed that a conflict exists, I find that good cause exists to grant defense counsel's Motion for Substitution of Counsel **[Doc. 12]**, the same is **GRANTED**, and Mr. Moffatt is relieved as counsel for the defendant. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause). The Court recognizes the need for the defendant to be continuously represented by conflict-free counsel. Also at the September 27, 2005 hearing,

Attorney Boyd Venable appeared and agreed to accept representation of the defendant  The Court therefore and hereby substitutes and appoints Mr. Venable under the Civil Justice Act (CJA) as counsel of record for Defendant Moore.  Attorney Rogers of the CJA training panel will be permitted to continue to represent the defendant.  Attorney Venable acknowledged that he was aware of the trial date and pretrial conference date, and he expressed no present problem with the motion deadline.

**IT IS SO ORDERED.**

ENTER:

 s/ C. Clifford Shirley, Jr. 
United States Magistrate Judge